FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2018 OCT 12 PM 3:57
CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

| | | |
|---|---|---|
| JEAN JOCELYN MERILIEN, | * | |
| Plaintiff, | * | |
| v. | * | CV 318-056 |
| MR. HURST, CERT Sergeant, et al., | * | |
| Defendants. | * | |

### O R D E R

Presently before the Court is Plaintiff Jean Jocelyn Merilien's motion to remand[1] this case to the Superior Court of Johnson County. Upon review of the relevant law, the parties' briefs, and the case record, the Court resolves the matter as follows.

### I. Background (Plaintiff's Filings)

Plaintiff, who is proceeding pro se, filed this action in the Superior Court of Johnson County on August 25, 2017, asserting claims under 42 U.S.C. § 1983. Plaintiff named five defendants: Mr. Hurst, CERT Sergeant; Ms. Smith, CERT Officer; Mr. Scoth, CERT

---

[1] Plaintiff styled his motion: "Motions to Remand and To Dismiss Removal Case for Procedural Defects." (Doc. No. 3.)

Officer; Shawn Emmons, Warden; and Ms. Granison, Kitchen Manager - all employees of Johnson State Prison ("JSP") in Wrightsville, Georgia. He also named the Head Counselor for JSP (name unknown) and two additional unknown CERT officers, one male and one female. Although Plaintiff was a prisoner of Wilcox State Prison ("Wilcox) at the time of filing, his Complaint involved allegations stemming from events at his prior place of incarceration, JSP.

It appears from the state court record that the summons issued for Defendants Hurst, Smith, Scoth, and Warden Emmons were delivered to JSP's Office of Legal Services along with a summons for "JSP's Head Counselor" in October 2017.[2,3] No defendant chose to remove the case at that point. Without waiving any defenses including insufficient service and insufficient service of process, Defendants filed a Special Appearance Answer to Plaintiff's Complaint on November 17, 2017.

On November 6, 2017, Plaintiff filed a "Second-Amended Complaint." Therein, Plaintiff sought to add new claims against new defendants: Officer Kulby White and Ms. Lawson, both employed by Wilcox. He also asserted a new claim of retaliation against

---

[2] The Head Counselor would later be identified as Chief Counselor Tarra Jackson.

[3] For some unknown reason, a summons for Ms. Granison, Kitchen Manager of JSP, was not included. In fact, there is no record of service on her.

2

Warden Emmons, who was reassigned to Wilcox in July 2017.[4] Further, Plaintiff made clear in a footnote that he wished to pursue claims against Ms. Granison, Kitchen Manager of JSP, from the original Complaint. Plaintiff did not serve this Second Amended Complaint upon any defendant. Rather, Plaintiff filed a motion to withdraw the Second Amended Complaint on December 11, 2017.

On May 8, 2018, Plaintiff filed a Third Amended Complaint in which he sought to add four defendants and new claims: Caldwell Antoine, Warden of JSP; Jan Martin, a correctional officer at JSP; Ms. Granison, Kitchen Manager of JSP; and the State Board of Pardons and Paroles. Plaintiff did not serve the Third Amended Complaint upon any defendant.

On June 22, 2018, Plaintiff filed a Fourth Amended Complaint. In the Fourth Amended Complaint, Plaintiff sought to add three new defendants and new claims against them: Ms. T. Bryant, Medical Unit Manager; Mr. Rozier, Unit Manager; and Mr. Williams, Unit Manager, all employees of Wilcox. The allegations therein involve events occurring at Wilcox in June 2018.

On August 9, 2018, without waiving any defense to jurisdiction or insufficient service of process, the new defendants (Warden

---

[4] *New Warden Named at Wilcox State Prison*, Georgia Department of Corrections (June 30, 2017), http://www.dcor.state.ga.us/NewsRoom/PressReleases/new-warden-named-wilcox-state-prison.

3

Caldwell, Jan Martin, Ms. Granison, the State Board of Pardon and Paroles, T. Bryant, Mr. Rozier and Mr. Williams) filed a Special Appearance Answer to the Third and Fourth Amended Complaints. That same day, these same defendants, with consent of all other defendants, removed the case to this Court.

On August 20, 2018, Plaintiff filed a timely motion to remand.[5] (Doc. No. 3.) That same day, Plaintiff filed a motion to amend his complaint (doc. no. 4), attaching the same complaint as the Fourth Amended Complaint that he filed in state court on June 22, 2018.[6] On August 27, 2018, Plaintiff filed a motion to strike Defendants' Special Appearance Answer to the Third and Fourth Amended Complaints, which had been filed in state court. (Doc. No. 8.)

On September 10, 2018, Plaintiff filed a "Motion to Dismiss (Doc. 1) Removal for Lack of Jurisdiction . . ." (doc. no. 12), wherein Plaintiff concedes that Wilcox State Prison is located in the Middle District of Georgia and points out his pending case

---

[5] Four days later, Plaintiff filed a memorandum of law in support of his motion to remand and moved for sanctions and costs against Defendants for the removal. (Doc. No. 6.)

[6] Notably, Plaintiff had already filed a new complaint in the Middle District of Georgia containing the same allegations against the same defendants (Bryant, Emmons, Rozier and Williams) as appear in his Fourth Amended Complaint. (See Merilien v. Bryant, CV 518-239 (M.D. Ga. Jul. 5, 2018).) This complaint involves allegations against officials at Wilcox, which is located in the Middle District of Georgia.

4

filed in that district, *i.e.*, Merilien v. Bryant, CV 518-239 (M.D. Ga. Jul. 5, 2018). Plaintiff also filed a motion to dismiss his motion to amend the complaint filed in this case. (Doc. No. 13.) While Plaintiff recognizes that the Second and Fourth Amended Complaints filed in state court, as well as the Amended Complaint he seeks to file in this Court, contain allegations that he is pursuing in the Bryant case in the Middle District of Georgia, he sought to file an Amended Complaint adding the current warden of Wilcox, Mr. Singleton. (Doc. No. 17.)

The Court's recitation of these filings in the two-month pendency of this case does not recount all of Plaintiff's filings; he has also filed several "responses" and "supplemental" briefs and even a motion for summary judgment. **Plaintiff is hereby warned that this paper warfare that he has initiated against Defendants will not be tolerated by this Court. Plaintiff may not file "supplements" or additional briefs to a motion, particularly before he has given Defendants the opportunity to respond. Moreover, Plaintiff is cautioned not to file successive motions seeking the same or similar relief. This Court may impose sanctions, including but not limited to filing prohibitions, monetary sanctions, and even dismissal of the case, should Plaintiff continue to prosecute this action in a vexatious and harassing manner.**

## II. Plaintiff's Motion to Remand

Pursuant to 28 U.S.C. § 1446(b)(1), "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." With respect to later-served defendants, § 1446(b)(2)(B) provides that "[e]ach defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons . . . to file the notice of removal." Thus, the removal statute permits the thirty-day period for removal to run anew upon service on each defendant. The removal statute further provides that "[i]f defendants are served at different times, and a later-served defendant files a notice of removal, any earlier served defendant may consent to the removal even though the earlier-served defendant did not previously initiate or consent to removal." Id. § 1446(b)(2)(C).

In the present case, Defendant Talitha Bryant, who was first named in Plaintiff's Fourth Amended Complaint, avers that she first received notice on August 2, 2018, that she was named as a defendant in the state court action. (Decl. of Talitha Bryant, Doc. No. 9-1, ¶ 3.) The Notice of Removal, to which all Defendants consent, was filed seven days later on August 9, 2018. Defendant Bryant had not been served with process at the time of removal. (Id.)

Through his motion to remand, Plaintiff first argues that the removal was untimely because it was not removed within 30 days of the date the original Defendants were served process - October 4, 2017. Plaintiff also complains that the allegations in the Fourth Amended Complaint are new and therefore the original Defendants cannot join in the removal. A clear reading of the removal statute demonstrates that a later-served defendant may remove a case, with consent of all defendants, within 30 days of receiving the initial pleading that adds that defendant to the case. The nature of the claims is not relevant. Thus, Plaintiff's arguments in this regard are without merit.

Plaintiff next points out that the Notice of Removal was filed over 30 days after he filed the Fourth Amended Complaint and is therefore untimely. However, the removal statute clearly provides that the Notice of Removal must be filed within 30 days that the later-served Defendant receives the initial pleading. In this case, the uncontradicted evidence is that Defendant Bryant received notice of the initial pleading on August 2, 2018. Accordingly, the Notice of Removal was timely filed on August 9, 2018.

Having determined that this case was properly and timely removed to this Court pursuant to the removal statute,[7] Plaintiff's

---

[7] The Court notes that it has jurisdiction over the case because Plaintiff sets forth claims under a federal statute, 42 U.S.C. § 1983. See 28 U.S.C. § 1441(a) ("[A]ny civil action brought in a State court of which the district courts of the United States have

motion to remand (doc. no. 3) is **DENIED**. Concomitantly, Plaintiff's "Motion to Dismiss Removal for Lack of Jurisdiction . . ." (doc. no. 12) is also **DENIED**. His related motion for sanctions and costs (doc. no. 6) is **DENIED AS MOOT**.

### III. Plaintiff's Complaint

As discussed previously, Plaintiff filed a Second, Third and Fourth Amended Complaint in state court, although he sought to withdraw his Second Amended Complaint in a filing in state court. Plaintiff also filed a motion to amend the complaint in this Court on the same day he filed his motion to remand. Subsequently, on September 10, 2018, Plaintiff filed a motion that seeks, in part, to withdraw the motion to amend the complaint that he filed in this case. Yet, on September 26, 2018, Plaintiff filed another motion to amend the complaint.

The Court notes that the only complaint that has arguably been served upon the named Defendants is the original complaint. The Second, Third and Fourth Amended Complaints have never been served on the defendants named therein. Moreover, the Court's review of the Second and Fourth Amended Complaints show that the allegations arise out of events occurring at a prison, Wilcox, that is not within the Southern District of Georgia, and therefore

---

original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.").

8

this Court would not have jurisdiction over those claims. Also, the claims of the Fourth Amended Complaint are the same as the claims involved in a pending case in the Middle District of Georgia. Finally, the Court has been advised that Plaintiff also has a related pending case against the State Board of Pardons and Paroles in the Northern District of Georgia. Plaintiff may not prosecute the same claims in different courts. Nor can Plaintiff amend his complaint to add new claims and new defendants in the manner to which he has become accustom, particularly when he has consistently failed to serve the named defendants.

This case in its current form is untenable. The Court has already warned Plaintiff above that it will not abide by papering this docket with repetitive and superfluous briefs, supplements, and motions. The removed complaint, the Fourth Amended Complaint, has never been served on the defendants named therein and is therefore **not** the operative complaint in this case at this time.

In the present posture, Plaintiff cannot amend his complaint without leave of court. See Fed. R. Civ. P. 15(a)(2). It is apparent from the record that Plaintiff wishes to amend his complaint from that which he originally filed in the Superior Court of Johnson County on August 25, 2017. The Court will allow him to do so. In fact, in order to proceed in this federal court, Plaintiff is **ORDERED** to amend his complaint to include all of his allegations against all defendants in **one** document, within **twenty-one (21) days** of the date of this Order. This Amended Complaint

must comply with the instructions below. Failure to file an Amended Complaint in compliance with the instructions may result in dismissal of the case without further notice.

Because the Court has determined that Plaintiff must file a unified Amended Complaint, the Clerk is directed to **TERMINATE** the following motions, all of which relate to Plaintiff's prior or current attempts to file amended complaints: Doc. Nos. 4, 8, and 17. Also, because there will be a new complaint governing this case, the Clerk is directed to **TERMINATE** Plaintiff's motion for summary judgment (doc. no. 20) and motion for entry of default (doc. no. 18). Finally, because the Court has not entered a Scheduling Order in the case governing discovery, Plaintiff's motion to compel discovery (doc. no. 14) is hereby **DENIED**.

### Instructions to Plaintiff for Filing and Serving An Amended Complaint

Federal Rule of Civil Procedure 8(a) requires that a complaint provide a "short, plain statement" of the claims entitling the plaintiff to relief. To that end, the Southern District of Georgia utilizes a standard complaint form for incarcerated litigants who wish to prosecute claims arising out of events that have allegedly occurred at state prisons. Therefore, if Plaintiff wishes to proceed with this case, he shall re-submit his complaint on the standard complaint form used by incarcerated litigants in the Southern District of Georgia, and include all matters he wishes

10

the Court to consider in that one document.[8] Plaintiff must use the standard form provided along with this Order, with no more than six handwritten pages attached. See Goodison v. Washington Mut. Bank, 232 F. App'x 922, 923 (11th Cir. 2007) (affirming the dismissal of a case where the plaintiff failed to heed the pleading instructions from the court regarding re-drafting the complaint); see also London v. Georgia Dep't of Corr., CV 502-107, Doc. No. 10 (M.D. Ga. May 10, 2002) (directing that amended complaint shall not exceed six handwritten pages).

The Amended Complaint must be printed legibly so that the Court may discern Plaintiff's claims, and it will supersede and replace in its entirety the previous pleadings filed by Plaintiff. Krinsk v. SunTrust Banks, Inc., 654 F.3d 1194, 1202 (11th Cir. 2011); Lowery v. Ala. Power Co., 483 F.3d 1184, 1219 (11th Cir. 2007) ("An amended complaint supersedes the initial complaint and becomes the operative pleading in the case."). It must contain a caption that clearly identifies, by name, each individual that Plaintiff is suing in the present lawsuit. Furthermore, the body of Plaintiff's Amended Complaint must contain sequentially numbered paragraphs containing only one act of misconduct per paragraph. The numbered paragraphs in

---

[8] The Court **DIRECTS** the **CLERK** to attach this standard form complaint used by incarcerated litigants, stamped with this case number, to Plaintiff's service copy of this Order.

his Amended Complaint should include information such as: (i) the alleged act of misconduct; (ii) the date on which such misconduct occurred; (iii) the names of each and every individual who participated in such misconduct; and (iv) where appropriate, the location where the alleged misconduct occurred.

While Plaintiff may attach exhibits to his Amended Complaint, he shall not incorporate them by reference as a means of providing the factual basis for his complaint. For example, Plaintiff should not simply state, "See attached documents." Plaintiff must name the individuals whom he seeks to include as Defendants herein in both the caption and the body of his Amended Complaint; he may not rely on the fact that individuals are named in the exhibits attached to his Amended Complaint as a means of including such persons as defendants to this lawsuit. The Court will not independently examine exhibits that Plaintiff does not specifically reference (by the exhibit's page number) in his Amended Complaint.

Plaintiff is further cautioned that no portion of any prior pleading shall be incorporated into his Amended Complaint by reference. Moreover, Plaintiff shall submit only **one** Amended Complaint in accordance with the terms of this Order. Therefore, within **twenty-one (21) days** of the undersigned date, Plaintiff shall state in the single amended complaint filed in accordance with the terms of this Order all claims that he

12

wishes the Court to consider as a basis for awarding the relief sought.

Importantly, Plaintiff is responsible for serving all named Defendants. Because it is not immediately apparent in what capacity Plaintiff intends to sue the variously named Defendants, the Court will provide instructions on two types of service.[9] In order to properly request that an individual subject to service under Federal Rule of Civil Procedure 4(e) waive personal service, Plaintiff must

> (1) obtain from the Clerk of Court an appropriate number of copies of[10]
>
>   (a) the notice of lawsuit and request to waive service of summons form, and
>
>   (b) the waiver of service of summons form;
>
> (2) complete both forms for each Defendant; and
>
> (3) mail the completed notice form, along with a copy of the file-stamped complaint and two waiver forms appended to Federal Rule of Civil Procedure 4, to Defendants by first class mail, with a prepaid means for returning the waiver form, and request that each Defendant waive formal service of the summons. Using the form appended to Rule 4, Defendants must be informed of the

---

[9] Plaintiff should indicate whether he is suing an individual defendant in his or her individual and/or official capacity. In an effort to ensure that Plaintiff has sufficient information to determine exactly which method of service may be appropriate, the Court **INSTRUCTS** the **CLERK** to attach a copy of Federal Rule of Civil Procedure 4, including the appended forms, to Plaintiff's service copy of this Order.

[10] The Court **DIRECTS** the **CLERK** to attach the appropriate number of copies of these documents to the service copy of this Order.

13

consequences of waiving and not waiving service. Fed. R. Civ. P. 4(d).

Defendants have a duty to avoid unnecessary expenses of serving the summons, and a defendant who fails to sign and return a waiver without good cause must bear the expenses incurred in making personal service. Fed. R. Civ. P. 4(d)(1) & (2). A defendant whose return of the waiver is timely does not have to answer the complaint until sixty days after the date Plaintiff mails the request for waiver. Fed. R. Civ. P. 4(d)(3). However, should a defendant choose not to waive personal service of the summons and complaint, Plaintiff is still responsible for properly effecting personal service. Fed. R. Civ. P. 4(c) & (e).

To the extent Plaintiff may be attempting to serve a state, a municipal corporation, or any other state-created governmental organization, Plaintiff must either: (1) serve a copy of the summons and complaint on the appropriate chief executive officer, or (2) serve a copy of the summons and complaint in the manner prescribed by the state's law for serving a summons or like process on such a defendant. Fed. R. Civ. P. 4(j)(2).

**IT IS ORDERED** that Plaintiff shall serve upon Defendants, or upon their attorney if appearance has been entered by counsel, a copy of every further pleading or other document submitted to the Court. Plaintiff shall include with the papers to be filed a

certificate stating the date a true and correct copy of any document was mailed to Defendants or their counsel. Fed. R. Civ. P. 5; Loc. R. 5.1. Every pleading shall contain a caption setting forth the name of the court, the title of the action, and the file number. Fed. R. Civ. P. 10(a). Any paper received by a District Judge or Magistrate Judge that has not been properly filed with the Clerk of Court or that fails to include a caption or certificate of service will be returned.

If an Amended Complaint is not timely received from Plaintiff, the Court will presume that he desires to have this case voluntarily dismissed and will dismiss this action, without prejudice. Plaintiff is cautioned that while this action is pending, he shall immediately inform this Court of any change of address. Failure to do so will result in dismissal of this case.

**ORDER ENTERED** at Augusta, Georgia this 12th day of October, 2018.

_____
UNITED STATES DISTRICT JUDGE