FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2018 NOV -9 PM 2: 40

CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

JEAN JOCELYN MERILIEN,          *
                                *
        Plaintiff,              *
                                *
    v.                          *          CV 318-056
                                *
MS. GRANISON, Kitchen Manager, Johnson   *
State Prison; TARRA JACKSON, Chief       *
Counselor, Johnson State Prison;         *
LAKEISHA SMITH, CERT Officer, Johnson    *
State Prison; JASON HURST, Lieutenant,   *
Johnson State Prison; MR. SCOTT, CERT    *
Officer, Johnson State Prison; SHAWN     *
EMMONS, Former Warden, Johnson State     *
Prison; ANTOINE CALDWELL, Warden,        *
Johnson State Prison; and JAN MARTIN,    *
Correctional Officer, Johnson State      *
Prison,                                  *
                                         *
        Defendants.                      *

_____

O R D E R

_____

This Court previously considered Plaintiff Jean Jocelyn
Merilien's motion to remand this case to the Superior Court of
Johnson County. Plaintiff's motion was denied on October 12, 2018.
(Doc. No. 29.)

When this case was removed by Defendants on August 9, 2018,
the entire case file from the Superior Court of Johnson County was
attached to the removal notice as required. Consequently, this
Court is well aware of the proceedings before the state court.
Plaintiff amended his complaint three times in the state court,

but it appears that he never served any new defendant with an amended complaint. Plaintiff also sought to withdraw his Second Amended Complaint at some point. Once the case was removed, Plaintiff again attempted to amend his complaint, but then filed a motion to dismiss his motion to amend the complaint only to file another motion to amend the complaint. Given the confusion Plaintiff has created by his inconsistent filings and the fact that he has only attempted service on four of the originally named defendants, the Court directed Plaintiff to file and serve an amended complaint in accordance with the instructions included in the Order of October 12, 2018 or face dismissal.

On October 25, 2018, Plaintiff filed a motion for reconsideration of the October 12, 2018 Order.[1] Plaintiff's motion for reconsideration rests upon a faulty, irrelevant premise. Plaintiff argues that the defendants named in his initial complaint are in default and therefore the case cannot be removed. Plaintiff insists that the defendants were served on October 4, 2017, while these defendants contend that they have never been personally served. More importantly, it appears these defendants filed their Special Appearance Answer to the complaint within the fifteen-day grace period afforded to them by O.C.G.A. § 9-11-55(a); thus,

---

[1] Plaintiff also filed a motion to "stay" his compliance with the Order of October 12, 2018, pending resolution of his motion for reconsideration. The Court granted this limited motion to stay on October 26, 2018. Nevertheless, Plaintiff had already prepared and mailed his Amended Complaint, which the Court received on November 5, 2018.

2

default was opened by operation of this statute. In any event, Plaintiff's motion for entry of default remained pending at the time of removal. Further, whether these defendants were in default is irrelevant to Plaintiff's removal challenge. As the Court has determined, the defendants named in the Fourth Amended Complaint timely removed the case. Accordingly, Plaintiff has not undermined the sound legal basis underlying this Court's decision that the case was properly removed. For this reason, Plaintiff's motion for reconsideration (doc. no. 37) is **DENIED**.

Having resolved the reconsideration motion, the Clerk is now directed to docket the following documents received from Plaintiff: (1) "Plaintiff's Response to Order "Doc. 29" to File Amended Complaint"; and (2) Plaintiff's Amended Complaint. The Clerk shall return a file-stamped copy of the Amended Complaint and a Summons with the service copy of this Order. The Clerk shall also return to Plaintiff his original letter dated October 30, 2018, titled "In Request to Excuses/Pardons for Disobey 'Doc. 38.'"

Plaintiff must serve his Amended Complaint upon all named Defendants within ninety (90) days of the date the Summons is issued. The named Defendants are as follows: (1) **Ms. Granison**, Kitchen Manager, Johnson State Prison; (2) **Tarra Jackson**, Chief Counselor, Johnson State Prison; (3) **Lakeisha Smith**, CERT Officer, Johnson State Prison; (4) **Jason Hurst**, Lieutenant, Johnson State Prison; (5) **Mr. Scott**, CERT Officer, Johnson State Prison; (6) **Shawn Emmons**, Former Warden, Johnson State Prison; (7) **Antoine**

Caldwell, Warden, Johnson State Prison; and (8) **Jan Martin**, Correctional Officer, Johnson State Prison.[2]

Plaintiff has asked for further guidance in serving the Amended Complaint. The Court has already sent Plaintiff a copy of Federal Rule of Civil Procedure 4. Additionally, the Court notes that Plaintiff need only serve a copy of the Amended Complaint upon counsel of record for the represented defendants, Defendants Jackson, Smith, Hurst, Scott and Emmons. The Clerk is **DIRECTED** to provide an additional copy of the Amended Complaint for this purpose.[3] With respect to the remaining three defendants, Plaintiff must serve them with a copy of the Summons and Amended Complaint in accordance with Rule 4 or obtain a Waiver of Service. To that end, the Clerk is further **DIRECTED** to send Plaintiff the

---

[2] Defendants Granison, Jackson, Smith, Hurst, Scott, and Emmons were named in Plaintiff's original complaint filed in state court, but a Summons was not issued for Defendant Granison. Thus, when the case was removed to this Court, the only defendants purportedly served and represented by counsel were Defendants Jackson, Smith, Hurst, Scott and Emmons. These Defendants are represented by William Peters of the Georgia Attorney General's Office.

[3] It is unclear whether Plaintiff served a copy of the Amended Complaint upon counsel because he did not attach a Certificate of Service. Plaintiff is reminded that he must serve upon Defendants, or upon their attorney if appearance has been entered by counsel, a copy of every further pleading or other documents submitted to the Court. Plaintiff shall include with the papers to be filed a Certificate of Service stating the date a true and correct copy of any document was mailed to Defendants or their counsel. Fed. R. Civ. P. 5; Loc. R. 5.1, S.D. Ga. Also, every pleading shall contain the caption that appears on this Order. Fed. R. Civ. P. 10(a). Any paper received by a district judge or magistrate judge that has not been properly filed with the Clerk of Court or that fails to include a caption or certificate of service will be returned.

following documents: (1) three copies of the Summons; (2) three copies of the Amended Complaint; (3) three Notice of Lawsuit Forms; and (4) six Waiver of Service Forms (two for each defendant).

In order to properly request that an individual subject to service under Rule 4(e) waive personal service, Plaintiff must

(a) complete the Notice of Lawsuit Form and two Waiver of Service Forms for each of Defendants Granison, Emmons, and Caldwell; and

(b) mail the completed forms, along with a copy of the file-stamped Amended Complaint, to Defendants by first class mail, with a prepaid means for returning the Waiver of Service Form.

Individuals have a duty to avoid unnecessary expenses of serving the summons, and a defendant who fails to sign and return a waiver without good cause must bear the expenses incurred in making personal service. Fed. R. Civ. P. 4(d)(1) & (2). A defendant whose return of the waiver is timely does not have to answer the complaint until sixty days after the date Plaintiff mails the request for waiver. Fed. R. Civ. P. 4(d)(3). However, should a defendant choose not to waive personal service of the summons and complaint, Plaintiff is still responsible for properly effecting personal service. Fed. R. Civ. P. 4(c) & (e).

If the Amended Complaint is not served upon all named Defendants within 90 days of the date the Summons is issued, any unserved Defendant may be dismissed from the case.

**ORDER ENTERED** at Augusta, Georgia this _9th_ day of November, 2018.

_____
UNITED STATES DISTRICT JUDGE