IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2018 DEC -6 PM 1:35

CLERK J. Hodge
SO. DIST. OF GA.

JEAN JOCELYN MERILIEN,      *
                        *
     Plaintiff,             *
                        *
     v.                       *     CV 318-056
                        *
MS. GRANISON, Kitchen Manager, Johnson *
State Prison; TARRA JACKSON, Chief *
Counselor, Johnson State Prison; *
LAKEISHA SMITH, CERT Officer, Johnson *
State Prison; JASON HURST, Lieutenant, *
Johnson State Prison; MR. SCOTT, CERT *
Officer, Johnson State Prison; SHAWN *
EMMONS, Former Warden, Johnson State *
Prison; ANTOINE CALDWELL, Warden, *
Johnson State Prison; and JAN MARTIN, *
Correctional Officer, Johnson State *
Prison, *
                        *
     Defendants.           *

O R D E R

In the captioned matter, Plaintiff has filed a "Second Amended Motion for Default Judgment, as Sanction for Defendants' Contempt Under Rule 37(b)(2)." While the title of Plaintiff's motion indicates that he seeks sanctions for a discovery problem under Federal Rule of Civil Procedure 37(b)(2), his motion also complains about other aspects of Defendants' conduct in the case, all of which are wholly without merit as pointed out in Defendants' responsive brief (doc. no. 62). One of the other complaints involves Plaintiff's repeated argument that Defendants are in

default for failing to file a timely answer to his original complaint in state court. On October 12, 2018, this Court terminated Plaintiff's motion for entry of default based upon the same argument because Plaintiff was ordered to file a new amended complaint. (Doc. No. 29, at 10.) In essence, Plaintiff's argument concerning Defendants' default in the state court was rendered moot. Moreover, in the Order of November 9, 2018, this Court rejected Plaintiff's argument that Defendants were in default state court. (Doc. No. 42, at 2-3 (pointing out that any default in state court was opened by operation of O.C.G.A. § 9-11-55(a)). Thus, for Plaintiff to once again raise the issue of default directly violates this Court's admonition that he shall not "file successive motions seeking the same or similar relief." (Order of Oct. 12, 2018, at 5.) Plaintiff is warned again that filing frivolous motions may result in sanctions, including dismissal of the case.

With respect to Plaintiff's discovery issues, the Court notes that a Scheduling Notice setting a full discovery period has not yet been entered.[1] Accordingly, any complaint that Plaintiff has respecting discovery is premature. The Court views the filing of Plaintiff's Amended Complaint (doc. no. 41) as a "reset" of this

---

[1] The Court has granted Defendants an extension of time within which to respond to the operative Amended Complaint. Presently, Defendants have until December 21, 2018, within which to answer, move, or otherwise plead to the Amended Complaint. (See Order of Nov. 29, 2018, Doc. No. 61, at 3-4.)

2

case. Plaintiff would be well-advised to view it in the same way and to await Defendants' responses to his Amended Complaint without filing any premature or frivolous motions in the interim.

Upon the foregoing, and for the reasons stated in Defendants' responsive brief (doc. no. 62), Plaintiff's "Second Amended Motion for Default Judgment" (doc. no. 45) is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia this 6th day of December, 2018.

_____
UNITED STATES DISTRICT JUDGE