IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

JEAN JOCELYN MERILIEN,            )
                                  )
    Plaintiff,                    )
                                  )
    v.                            )   CV 318-056
                                  )
MS. GRANISON, Kitchen Manager, Johnson )
State Prison; TARRA JACKSON, Chief )
Counselor, Johnson State Prison; LAKEISHA )
SMITH, CERT Officer, Johnson State Prison; )
JASON HURST, Lieutenant, Johnson State )
Prison; MR. SCOTT, CERT Officer, Johnson )
State Prison; SHAWN EMMONS, Former )
Warden, Johnson State Prison; ANTOINE )
CALDWELL, Warden, Johnson State Prison; )
and JAN MARTIN, Correctional Officer, )
Johnson State Prison,             )
                                  )
    Defendants.                   )

## ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation ("R&R"), to which objections have been filed, (doc. no. 122). On March 7, 2019, Defendant Smith filed a response to Plaintiff's objections, to which Plaintiff replied. (Doc. nos. 123, 124.) Although nothing in Plaintiff's objections undermines the Magistrate Judge's recommendations, the Court will briefly address a few of Plaintiff's arguments.

First, Plaintiff asks the Court to consider exhibits attached to his objections in support of his amended complaint and states he did not submit them previously because the form

instructed him he need not do so. (Doc. no. 122, pp. 1-2.) While courts have the discretion to consider novel evidence, factual claims, and legal argument raised for the first time in an objection to an R&R, they are under no obligation to do so. Frone v. JP Morgan Chase & Co., 695 F. App'x 468, 472 (11th Cir. June 5, 2017) (concluding district judge has broad discretion in considering argument not presented to magistrate judge); Williams v. McNeil, 557 F.3d 1287, 1292 (11th Cir. 2009) (same). Despite Plaintiff's contention, the form complaint did not prohibit Plaintiff from attaching exhibits, (doc. no. 41, p. 1), and the Court affirmatively informed Plaintiff he was able to do so when ordering him to amend, (doc. no. 29, p. 12). Thus, the Court declines to consider the exhibits here.

However, even if the Court were to consider the exhibits, they do not undermine the Magistrate Judge's well-reasoned conclusions. Plaintiff's first exhibit is a property inventory sheet from May 4, 2017, when Plaintiff was transferred from Johnson State Prison ("JSP"). (Doc. no. 122, p. 22.) The property sheet is not the property sheet at issue regarding his March 21, 2017 claims. Furthermore, the May 4th property sheet completely undermines Plaintiff's oft-repeated assertion he has been unable to acquire more store goods since March 21st, because it shows Plaintiff amassed a considerable amount of store goods and food in the few weeks he was at JSP. Plaintiff's remaining exhibits are purportedly statements by other inmates regarding officials' treatment of Plaintiff on March 21, 2017, and during April 2018. (Id. 23-28.) However, because these statements merely repeat Plaintiff's allegations from his amended complaint, which the Magistrate Judge considered, they do not warrant deviation from the R&R.

Next, Plaintiff argues the Magistrate Judge erred by failing to screen his previous complaints as well as his October 26, 2018 amended complaint. (Id. at 3.) When the Court

2

directed Plaintiff to amend his complaint on October 12, 2018, it informed Plaintiff the amended complaint would "supersede and replace in its entirety the previous pleadings filed by Plaintiff." (Doc. no. 29, p. 11.) If Plaintiff had additional claims he desired to raise in his amended complaint, he should have done so. Thus, the Magistrate Judge did not err by not screening Plaintiff's previous pleadings.

Finally, Plaintiff raises new facts and claims in his objections. Specifically, Plaintiff alleges he was subjected to a cavity search in front of female officers on March 21, 2017, during the prisoner intake process and Warden Emmons transferred him to Wilcox State Prison on May 4, 2017, out of retaliation for his grievances and lawsuit. (Doc. no. 122, pp. 8, 10.) Plaintiff's attempt to buttress his existing claims with more outrageous facts and add additional claims in his objections is exactly the type of vexatious and dilatory litigation tactics against which the Court has warned Plaintiff time and time again. Because Plaintiff failed to allege these facts in his amended complaint and only addresses them months later in his objections, the Court declines to consider them here.

Accordingly, the Court **OVERRULES** Plaintiff's objections, **ADOPTS** the Report and Recommendation of the Magistrate Judge as its opinion, **DISMISSES** Plaintiff's claims against Defendants Jackson, Smith, Hurst, Scott, Emmons, and Martin for failure to state a claim, **GRANTS IN PART** and **DENIES IN PART** Defendants Caldwell, Granison, Jackson, Emmons, and Martin's motion to dismiss as to Defendants Caldwell and Granison and **DENIES AS MOOT** the motion as to Defendants Jackson, Emmons, and Martin, (doc. no. 83), **DENIES** Plaintiff's motions to amend, motion regarding service, motion for sanctions, motion for default judgment, and motion for summary judgment, (doc. nos. 69, 98,

99, 106, 107, 109), and **DENIES AS MOOT** the parties' remaining pending motions, (doc. no. 71, 82, 84, 86, 89, 92, 94, 95, 100, 108, 114, 115.)

Defendants Caldwell and Granison shall have fourteen days following entry of this Order within which to answer, move, or otherwise plead to Plaintiff's amended complaint. After the filing of the first answer of a Defendant, the Court will enter a scheduling notice setting new case deadlines.

Plaintiff may file discovery-related motions during the discovery period but only in compliance with all applicable procedural rules. Plaintiff must wait until after the close of discovery to file a motion for summary judgment to give the parties a full opportunity to engage in discovery. Defendants shall not be required to respond to Plaintiff's filings unless ordered to do so by the Court. Finally, if Plaintiff returns to his past practice of submitting vexatious and frivolous filings, the Court will dismiss Plaintiff's case without further warning.

SO ORDERED this 20th day of March, 2019, at Augusta, Georgia.

_____
UNITED STATES DISTRICT JUDGE