IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2020 SEP 28 P 1:51

CLERK_____
SO. DIST. OF GA.

JEAN JOCELYN MERILIEN,          )
                                )
        Plaintiff,              )
                                )
    v.                          )        CV 318-056
                                )
ANTOINE CALDWELL, Warden, Johnson )
State Prison, and MS. GRANISON, Kitchen )
Manager, Johnson State Prison,  )
                                )
        Defendants.             )

_____

**O R D E R**

_____

After a careful, *de novo* review of the file, the Court concurs with the Report and

Recommendation ("R&R"), to which objections have been filed.  (Doc. nos. 164,165.)   In

this removed action, the Magistrate Judge recommended granting Defendants' motion for

summary judgment because Plaintiff failed to exhaust administrative remedies before

bringing claims in the Superior Court of Johnson County against Defendant Granison in the

original complaint and against Warden Antoine Caldwell in the third amended complaint.

(See doc. no. 162.)  Although nothing in Plaintiff's objections undermines the Magistrate

Judge's recommendation, the Court will address an interesting exhaustion issue raised by the

timing of Plaintiff's original complaint against Defendant Granison.

Plaintiff signed the original complaint on July 29, 2017, thirteen days before Plaintiff

exhausted his administrative remedies on August 11, 2017.  (Doc. no. 1-1, Attach. 2.)

However, the Clerk of Superior Court did not file-stamp Plaintiff's complaint until August

25, 2017, fourteen days after Plaintiff exhausted his administrative remedies. (Id.) Plaintiff correctly points out the prison mailbox rule does not apply in Georgia state courts to prisoner civil rights complaints. (Doc. no. 164); see Lewis v. State, 685 S.E.2d 485, 486 (Ga. Ct. App. 2009). In Georgia courts, the complaint filing date is the date of receipt by the clerk, and "[t]he clerk's endorsement as to the date of filing is the best evidence of the filing of such paper, and is presumed correct as long as it is not challenged." Lavan v. Philips, 362 S.E.2d 138, 139 (Ga. Ct. App. 1987). In the absence of any challenge by Defendants, the filing date of Plaintiff's complaint is August 25, 2017.

Section 1997e(a) of the Prison Litigation Reform Act ("PLRA") provides "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement applies to § 1983 claims brought in state court. Baskin v. Ga. Dep't of Corr., 612 S.E.2d 565, 569 n.5 (Ga. Ct. App. 2005). The question is whether Plaintiff "brought" the action for purposes of § 1997e(a) when he signed the complaint or when the clerk file-stamped it one month later. There is a dearth of case law concerning this precise issue within the Eleventh Circuit, undoubtedly because it requires the unusual confluence of a state court action removed to federal court, a significant delay between the complaint signing and filing; and exhaustion occurring in the interim.

The Eleventh Circuit has considered the PLRA meaning of "brought" on two occasions that shed little light on the narrow question presented here. In Miller v. Tanner, 196 F.3d 1190, 1193 (11th Cir. 1999), the Eleventh Circuit stated in passing that § 1997e(a)

2

means an inmate "must first comply with the grievance procedures established by the state department of corrections before filing a federal lawsuit under section 1983." In Harris v. Garner, 216 F.3d 970, 974 (11th Cir. 2000), the Eleventh Circuit held "'brought' and 'bring' refer to the filing or commencement of a lawsuit, not to its continuation," when deciding the bar to emotional distress damages in § 1997e(e) applies to any prisoner confined at filing or commencement of the action regardless of whether the prisoner is later released while the lawsuit is still pending.

Three circuit courts have considered whether a prisoner plaintiff "brings" or has "brought" a civil action under the PLRA when he signs the complaint, when the district court clerk initially receives the complaint, or when the clerk dockets the complaint after initial intake and screening. Brown v. Sage, 941 F.3d 655, 661 (3rd Cir. 2019); Vaden v. Summerhill, 449 F.3d 1047, 1050 (9th Cir. 2006); Ford v. Johnson, 362 F.3d 395, 397 (7th Cir. 2004). All three decided a prisoner plaintiff "brings" a civil action when he signs the complaint. The Seventh and Ninth Circuits considered the issue in the current context of exhaustion under § 1997e(a), holding a prisoner plaintiff must exhaust his administrative remedies before signing the complaint. Vaden, 449 F.3d at 1050; Ford, 362 F.3d at 399-400. The Third Circuit considered the issue in the context of 28 U.S.C. § 1915(g), rejecting a three-striker prisoner's contention he never "brought" a civil action because dismissal occurred at screening and prior to docketing of the complaint. Brown, 941 F.3d at 661-62. The rationale employed in all three decisions applies with equal force here.

Congress chose to use the more expansive term "brought" in the PLRA rather than "commenced" or "filed." Brown, 941 F.3d at 662; Vaden, 449 F.3d at 1050; Ford, 362 F.3d

3

at 399. "The verb 'brought'. . . properly focuses attention on what the prisoner-plaintiff does. And what the prisoner-plaintiff does is tender or submit a complaint . . . . By contrast, 'filing' or 'commencement' involve court action." Brown, 941 F.3d at 662 (internal quotation omitted); see also Vaden, 449 F.3d at 1050 (explaining same). Concluding a prisoner "brings" a civil action when he signs the complaint instead of when the clerk files the complaint is consistent with the purpose of § 1997e(a), which is to require exhaustion before a prisoner initiates litigation to avoid premature interruption of the administrative process. Vaden, 449 F.3d at 1051; Ford, 362 F.3d at 399. Indeed, "[w]hat sense would it make to allow a prisoner to initiate litigation before exhausting his intra-prison remedies" merely because exhaustion occurred during a fortuitous delay in the clerk's filing of the complaint? Ford, 362 F.3d at 399.

For these reasons, the Court finds Plaintiff violated § 1997e(a) when he "brought" this civil action before exhaustion by signing the complaint against Defendant Granison and delivering it to prison officials for mailing. Accordingly, the Court **OVERRULES** Plaintiff's objections, **ADOPTS** the Report and Recommendation of the Magistrate Judge as its opinion, **DENIES** Plaintiff's motion for summary judgment, (doc. no. 139), **DENIES** Plaintiff's motions to strike, (doc. nos. 152, 158), **GRANTS** Defendants' motion for summary judgment, (doc. no. 145), **DIRECTS** the Clerk to **ENTER** final judgment in favor of Defendants, and **CLOSES** this civil action.

SO ORDERED this _28th_ day of September, 2020, at Augusta, Georgia.

_____
UNITED STATES DISTRICT JUDGE

4