```
         IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF GEORGIA
                    DUBLIN DIVISION
```

JEAN JOCELYN MERILIEN,           *
                                 *
     Plaintiff,                  *
                                 *
v.                               *      CV 318-056
                                 *
ANTOINE CALDWELL, Warden,        *
Johnson State Prison, and        *
MS. GRANISON, Kitchen Manager,   *
Johnson State Prison,            *
                                 *
     Defendants.                 *

─────────

O R D E R

─────────

On September 28, 2020, this Court adopted the Report and Recommendation of the United States Magistrate Judge, recommending dismissal of Plaintiff Jean Jocelyn Merilien's claims under 42 U.S.C. § 1983 for failure to exhaust administrative remedies. Pursuant to the Adoption Order, judgment was entered against Plaintiff and the case was closed.

At present, Plaintiff has filed a motion to vacate the judgment under Federal Rule of Civil Procedure 60. However, because the motion was filed within 28 days of judgment, the motion is more properly considered a motion to amend or alter the judgment under Rule 59(e). See Mahone v. Ray, 326 F.3d 1176, 1178 n.1 (11th Cir. 2003). "[C]ourts have delineated three major grounds justifying reconsideration [of a judgment]: (1) an intervening change in

controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." Powell v. Bermudez, 2020 WL 3183316, at *1 (S.D. Fla. June 15, 2020) (quoted source omitted). Rule 59(e) cannot, however, be used to "relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." Michael Linet, Inc. v. Vill. of Wellington, 408 F.3d 757, 763 (11th Cir. 2005). "[R]econsideration of a previous order is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." Powell, 2020 WL 3183316, at *1 (quoted source omitted).

In this case, Plaintiff attacks a key factual determination underlying dismissal-that this civil action was "brought" on the date Plaintiff signed his complaint, July 29, 2017, thirteen days prior to the time the Office of the Commissioner had to respond to Plaintiff's appeal of the relevant grievance against Defendant Granison. (See Report and Recommendation, Doc. No. 162, at 14-15; Adoption Order, Doc. No. 166, at 3-4.) Through his motion, Plaintiff presents a new argument regarding the date he signed the complaint. Plaintiff claims he has "new evidence" that he signed his *in forma pauperis* motion on August 14, 2020, three days after the Commissioner's deadline. Plaintiff argues that he therefore also must have signed the complaint on that same date, August 14, 2020.

7

This is not new evidence. Defendants submitted Plaintiff's *in forma pauperis* motion as an attachment to their Notice of Removal to this Court, which was served on Plaintiff over two years prior to the entry of judgment in this case. (See Doc. No. 1-1, at 29-32.) Thus, Plaintiff could have and should have raised this argument earlier. Moreover, and most importantly, the date of signing the *in forma pauperis* motion does not necessarily inform or reveal the date upon which the complaint was signed. It is entirely consistent, and somewhat typical, that these documents are signed and submitted on different dates by plaintiffs. Accordingly, because signing the *in forma pauperis* motion does not refute the finding regarding the date the complaint was signed, it is irrelevant. Aside from this argument, Plaintiff sets forth no other argument or evidence warranting reconsideration.

Upon the foregoing, Plaintiff Merilien's motion to vacate judgment (doc. no. 168) is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia this 10th day of December, 2020.

_____
UNITED STATES DISTRICT JUDGE